## CHIPMAN *vs.* BOWMAN.

*Fourth Judicial District Court, April,* 1857.

### SUPERIOR COURT—IRREGULAR PROCESS.

Process issued out of the Superior Court of the City of San Francisco, and served upon a defendant residing out of said City, is a nullity for want of jurisdiction.

An appearance by a defendant after judgment, who moves to open the default and be allowed to come in and defend, is not such an appearance as amounts to a bar of this want of jurisdiction.

This was a suit to obtain a decree of this Court, to set aside and declare void a certain judgment for $5,417, entered by default in the Superior Court, against plaintiff herein, on the 3d of July, 1854, and now held by defendant Bowman. The case was tried without a jury.

*W. W. Chipman,* for plaintiff.

*S. M. Bowman* and *G. H. Gray,* for defendant.

The other facts in the case are contained in the opinion :

HAGER, J.—By the pleadings and evidence, the plaintiff was served with a summons and complaint in the county of Alameda, by the Sheriff of that county ; upon failure to answer, judgment by default was entered against him in the Superior Court of this city, from whence the

process had issued. The question here presented is, whether there was a want of, or merely an irregularity in obtaining, jurisdiction over the person of the defendant, (plaintiff in this action,) in the action of the Superior Court. Under the decisions of the Supreme Court in regard to the jurisdiction of the Superior Court, as in the case of Whitwell vs. Barbier et als., I am compelled to hold that, at the time of the default and judgment, the latter Court had no jurisdiction over the person of the defendant, and that the judgment is a nullity. The Court could not legally send its process in the county of Alameda, and the defendant in the action, if served there, was not bound to obey it. If, however, he had appeared or answered before judgment, without objecting to the jurisdiction of the Court over his person, this might have been equivalent to a voluntary appearance, or a waiver of the objection; but his appearance subsequent to the entry of the judgment, in his efforts to have it opened, and being allowed to make defense, cannot be construed into a waiver of the objection, or as conferring any greater jurisdiction over the person of the defendant at the time of the judgment, than the Court had already acquired by the service and return of its process. Judgment for the plaintiff is ordered.